UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD AND LYNN PIDCOCK,

    Plaintiffs,

v.                                            Case No. 04-73710

GEORGE EWING, et al,               HONORABLE AVERN COHN

    Defendants.

_____/

**ORDER DENYING ROAD MASTER'S MOTION FOR SUMMARY JUDGEMENT FOR FAILURE TO PROVIDE DISCOVERY**
**AND**
**ISSUING A NEW SCHEDULING ORDER[1]**

I.

This is a breach of warranty case arising out of the purchase of a motor home. Plaintiffs Richard and Lynn Pidcock are the following defendants: George Ewing, Inc. (Ewing); Monaco Coach Corporation (Monaco); Cummins Engine Company (Cummins); Onan Corporation (Onan), RVA Company; APA Engineered Solutions, Inc.; Kwikee Products Co., Inc.; Dometic Corporation; Freightliner Corp.; and Road Master Chassis (Road Master).

Before the Court is Road Master's motion for summary judgment for failure to provide discovery. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE and a new scheduling order is issued.

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. <u>See</u> E.D. Mich. LR 7.1(e)(2).

II.

On June 8, 2002, the Pidcocks purchases a 2002 Holiday Rambler Ambassador Motor Home for a base price of $136,223,56.  They financed a portion of the purchase price.  With interest on the loan plus taxes, the total price was $249,196.80.  Holiday Rambler manufactured the coach portion or "house" of the motor home.  Holiday Rambler is a wholly owned subsidiary of Monaco.  Road Master manufactured the chassis portion of the motor home and it is also a wholly owned subsidiary of Monaco.  Holiday Rambler then sold the completed motor home to Ewing, an independent dealer.  Ewing sold the home to the Pidcocks.  Delivery occurred on or about June 15, 2002.

The motor home was repaired by various defendants throughout the Pidcock's ownership.  Eventually, the Pidcocks abandoned the motor home and attempted to revoke their acceptance.

Unable to resolve their dispute with defendants, the Pidcocks filed a complaint against defendants.

Road Master provided a limited warranty for twenty-four months or 24,000 miles.  Like the Holiday Rambler warranty, it disclaimed any implied warranties and contained a limitation provision on commencing a legal action more than one year after expiration of the warranty.

III.

Previously, the defendants filed dispositive motions, as follows:

1. Dometic Corporation's Motion for Partial Summary Judgment, seeking dismissal of all claims except a claim of breach of express warranty

2. Monaco a/ka/ Holiday Rambler and Road Master's Motion for Partial Summary Judgment - seeking dismissal of all claims against Monaco

>    Rambler and all claims except a claim of breach of express warranty against Road Master
>
> 3. Ewing's Motion for Summary Judgment - seeking dismissal of all claims against Ewing

The Court granted Monaco's motion for summary judgment, granted Road Master's motion for partial summary judgment, and granted Ewing's motion for summary judgment will be granted.  See Memorandum and Order filed April 15, 2005. Thus, as to Road Master, the Pidcocks' only remaining claims are derivative of their claim of breach of Road Master's express limited warranty.

Thereafter, on July 13, 2005, the Court entered a Stipulated Order Compelling Discovery from Plaintiffs, compelling the Pidcocks to provide certain discovery by agreed upon dates.  The Pidcocks apparently did not comply with the order.

On August 11, 2005, Road Master filed the instant motion for summary judgment on the grounds that the Pidcock's have failed to provide it with the discovery outlined in the July 13, 2005 order.  In response, the Pidcocks request that the motion be denied and the Court issue a new scheduling order allowing an additional 90 days of discovery. In reply, Road Master proposes a new scheduling order with dates which it does not believe the Pidcocks will oppose.

IV.

Because Road Master is really seeking a new scheduling order and an order compelling compliance with the prior discovery order, not summary judgment, the motion must be denied without prejudice.

However, the Pidcock's failure to comply with discovery does not go unnoticed. The Pidcocks must provide all requested discovery outlined in the July 13, 2005 order

on or before November 30, 2005,[2] including answering all written discovery, appearing for a deposition at a date and time convenient for defense counsel, and producing the motor home for an inspection after the Pidcock's depositions.  The Pidcocks shall also provide an appropriate Rule 26 Disclosure at least seven days prior to the Pidcock's depositions.

In addition, the following scheduling order is now in place:

Discovery cut off	January 31, 2005

Dispositive motion cut off	February 28, 2006

Final pre-trial conference	March 28, 2006 at 2:00 p.m.

Trial	April 10, 2006 at 9:00 a.m.

Should the Pidcocks fail to comply with this Order, Road Master may renew its motion or take any other appropriate action.

SO ORDERED.

                                                   s/Avern Cohn
                                                    AVERN COHN

Dated:  November 9, 2005          UNITED STATES DISTRICT JUDGE
       Detroit, Michigan

---

[2] Road Master requested compliance in October.  Because it is now November, the Court has extended the dates accordingly.